


**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

March 12, 2020

**VIA ECF**

The Honorable Mary Kay Vyskocil
United States District Court
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

      Re: *United States v. Navarro, et al.*, 20 Cr. 160
         *United States v. Izhaki & Lebowitz*, 20 Cr. 161

Dear Judge Vyskocil:

  On March 9, 2020, the Government unsealed four indictments relating to allegations of misbranding and drug adulteration in the world of competitive horseracing. Underlying each of the indictments were allegations of "doping" through the use of misbranded and adulterated performance enhancing drugs ("PEDs"). Two of those indictments, captioned above, were assigned to Your Honor.[1] The Government respectfully writes to provide the Court with a status update on these matters in advance of the Court's arraignment and initial conference, scheduled for March 23, 2020, at 3:30 p.m, and to request that the Court order that defendants A through J listed below arrive at the fifth floor of the Courthouse no later than 9:00 a.m. on March 23, 2020, to facilitate Pretrial Services interviews and appointment of counsel as necessary.

Arrests and Pretrial Services Proceedings

  Of the 19 defendants charged in the *Navarro* Indictment, and the two charged in the *Izhaki* Indictment, each was arrested on the morning of March 9. Of the *Navarro* defendants, the following defendants were presented on that day before Magistrate Judge Ona T. Wang in the Southern District of New York:

1. Michael Tannuzzo
2. Ross Cohen
3. Kristian Rhein
4. Alexander Chan

---

[1] *United States v. Scott Robinson and Scott Mangini*, 20 Cr. 162, has been assigned to Judge J. Paul Oetken; and the fourth case, *United States v. Louis Grasso, et al.*, 20 Cr. 163, has been assigned to Judge P. Kevin Castel.

5. Henry Argueta
6. Nicholas Surick
7. Rebecca Linke
8. Christopher Marino

Both defendants charged in the *Izhaki* Indictment, Sarah Izhaki and Ashley Lebowitz, were also presented before Judge Wang on that day. All of these defendants were released on March 9 pursuant to bail conditions set by Judge Wang, and each has either appointed or retained counsel.

The remaining defendants in the *Navarro* case, excepting Seth Fishman,[2] were also arrested on March 9 and presented before Magistrate Judges of the various districts of those arrests, and each has been released on conditions sought by those respective Magistrates. For ease of reference, those defendants and their Districts of initial presentment under Federal Rule of Criminal Procedure 5(c)(3) are set forth below:

A. Jorge Navarro (Southern District of Florida)
B. Erica Garcia (Southern District of Florida)
C. Marcos Zulueta (Middle District of Pennsylvania)
D. Gregory Skelton (Southern District of Indiana)
E. Lisa Giannelli (District of Delaware)
F. Jordan Fishman (District of Massachusetts)
G. Rick Dane, Jr. (Central District of California)
H. Christopher Oakes (Southern District of Florida)
I. Jason Servis (Southern District of Florida)
J. Michael Kegley, Jr. (Eastern District of Kentucky)

For each of the defendants A through J, and barring any relevant change in circumstances, the Government anticipates requesting at the March 23, 2020, conference that the Court continue the terms of release imposed in the Districts of initial presentment. However, each of these ten defendants will need to be interviewed by this District's Pretrial Services Office in advance of the 3:30 conference on March 23, 2020. Having discussed the logistics of those interviews with a representative of Pretrial Services, <u>the Government respectfully requests that the Court order that the defendants A through J listed above arrive at the fifth floor of the Courthouse no later than 9:00 a.m. on March 23, 2020,</u> for purposes of those Pretrial Services interviews.

The Government understands that travel to and from New York is complicated by concerns for health and safety arising from COVID-19. To the extent that the Court receives requests by out-of-District defendants with retained counsel for accommodations regarding appearance at the March 23, 2020, conference, the Government would respectfully request that the Court maintain the current schedule; the Government has no objection to counsels' or defendants' appearance by telephone conference to the extent the Court deems that an appropriate accommodation. In the

---

[2] Seth Fishman was arrested in October 2019 and initially presented before the Southern District of Florida. He was subsequently presented in this District before Magistrate Judge Katharine H. Parker on or about November 12, 2019, at which time he was released upon conditions set by the Court.

event that a defendant with retained counsel is *not* appearing in person for the March 23, 2020, conference, the Government would request that such defendants contact pretrial services for a remote interview at the earliest time convenient to Pretrial Services.

Defendants *without* retained counsel will need counsel assigned at the time of the March 23, 2020, conference. If those defendants have appeared for in-person Pretrial Services interviews by 9:00 a.m., the Government anticipates that those defendants will be able to meet and confer with potential CJA counsel in advance of the 3:30 p.m. conference. As the date for the conference approaches, the Government will identify for the Clerk's Office and CJA panel those defendants for whom the Government is unaware of retained counsel.

## Discovery

The Government will be prepared to discuss the status and scope of discovery in each case at the March 23 conference. In advance of that conference, the Government will circulate to counsel for each defendant with retained counsel or appointed counsel approved in this District a proposed protective order governing that discovery, which will include personal identifying and financial information for various individuals. A copy of the proposed order (identical for both the *Navarro* case and *Izhaki* case) are attached to this letter as Exhibit A.

The discovery in the *Navarro* case is voluminous. From approximately October 2018 through approximately October 2019, the Government obtained authorization for wiretaps over the cellular telephones of, among others, the defendants Nicholas Surick, Jorge Navarro, Jason Servis, Christopher Oakes, Lisa Giannelli, Seth Fishman, and Kristian Rhein. The Government obtained search warrants for over a dozen email accounts, online storage accounts, and electronic devices (principally cellular telephones) prior to the March 9, 2020, arrests, and conducted two covert searches on barns associated with the *Navarro* defendants. Additionally, at the time of arrests, the Government executed multiple searches of various premises associated with the *Navarro* defendants, including residential and commercial premises at which large volumes of drugs and electronics were obtained. The Government will continue to process those search returns and will attempt to provide an estimate of the total volume of discovery to defense counsel as soon as possible.

The discovery in the *Izhaki* case is more limited, consisting largely of consensual recordings, draft transcripts of those recordings, surveillance photographs and reports, drugs sold by each of the defendants, and cellular telephone geolocation information. The Government anticipates providing a substantial portion of the *Izhaki* discovery to defense counsel at the time of the March 23 conference.

Very truly yours,

GEOFFREY S. BERMAN
United States Attorney

by: ___/s Andrew Adams_____
Sarah Mortazavi
Andrew Adams
Benet Kearney
Assistant United States Attorneys
(212) 637-2520 / 2340 / 2260